Shortly after the subject child was born, a proceeding was commenced against his mother alleging that he was neglected by her. The neglect proceeding against the mother was dismissed when she consented to the entry of an order giving custody of the child to her maternal aunt, Toshiba W. Thereafter, this neglect proceeding was commenced against Toshiba W, and the child was placed into foster care through St. Vincent’s Services (hereinafter SVS). Meanwhile, the mother moved to Virginia with a nonrelative friend, who petitioned for custody of the child. Since this was an interstate custody request, the Family Court directed the Administration for Children’s Services (here *834 inafter ACS), among other things, to commence a review process pursuant to the Interstate Compact on the Placement of Children (hereinafter ICPC). The mother never filed a supplemental petition to modify the order giving custody of the child to Toshiba W to regain custody of the child.
The mother moved, inter alia, to hold ACS as well as SVS in civil contempt for failing to complete the ICPC in a timely manner. The Family Court denied the motion on the ground that the mother lacked standing to bring the motion. We agree. Contrary to the mother’s contention, the Family Court properly determined that she did not have standing to move to hold ACS and SVS in civil contempt. Although Family Court Act § 1035 (d) affords a nonrespondent parent the right to intervene in an article 10 neglect proceeding “for the purpose of seeking temporary and permanent custody of the child,” it does not give a nonrespondent parent the right to intervene to argue that a third party should be awarded custody of the child (see Matter of Tyrone G. v Fifi N., 189 AD2d 8, 17 [1993]). Here, the mother does not seek to regain custody of the child, and the ICPC which ACS and SVS allegedly failed to complete in a timely manner was necessary solely to facilitate the custody petition of the mother’s nonrelative friend. Under these circumstances, Family Court Act § 1035 (d) does not confer standing on the mother to move to hold ACS and SVS in civil contempt for their alleged failure to complete the ICPC in a timely manner and for other related relief. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.